| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | FOR ONLINE PUBLICATION |

TODD C. BANK, Individually and on Behalf
of All Others Similarly Situated,

                                Plaintiff,

- versus -

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION,

                              Defendant.

MEMORANDUM
AND ORDER
14-CV-5312 (JG) (VMS)

A P P E A R A N C E S:

    TODD C. BANK
        119-40 Union Turnpike
        4th Floor
        Kew Gardens, New York 11415
    By:   *Plaintiff Pro Se*

    AHMUTY, DEMERS & McMANUS, ESQS.
        199 Water Street, 16th Floor
        New York, NY 10038
    By:   Deborah Del Sordo, Esq.
        Kenneth B. Danielsen, Esq.
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

       Todd Bank brings this *pro se* action individually and on behalf of a putative class alleging that defendant Philips Electronics North America Corporation ("Philips") violated provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, (the "TCPA") and New York General Business Law ("NYGBL") § 399-p by making or authorizing two calls to Bank's residential telephone number using an automatic-dialing mechanism with a prerecorded message telling the recipient he or she "had been selected to receive a medical-alert system and $3,000 in grocery-store coupons." Compl. (ECF No. 1) ¶¶ 19-24. The calls alleged in the

complaint were made on June 22, 2014, from a caller identified as "GB MARKETING CO," and on August 20, 2014, from a caller identified as "Tacoma WA." *Id.* ¶¶ 19-20. Bank claims that Philips is responsible for the calls because the medical-alert system referred to in the calls was the Philips Lifeline System, and the calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of Philips." *Id.* ¶¶ 23-24. The complaint alleges that these calls were "among thousands of telephone calls" that were identical to the two calls made to Bank. *Id.* ¶ 27.

Defendant Philips moves to dismiss the complaint for failure to state a claim and for sanctions against Bank under Fed. R. Civ. P. 11. I heard oral argument on March 27, 2015. For the reasons stated below, the defendant's motion to dismiss is granted. The motion for sanctions is denied.

## DISCUSSION

A.  *Failure to State a Claim*

1.  *The Standard of Review*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012). In making this determination, a court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The plaintiff therefore is obligated to "provide the grounds of his entitlement to relief" with "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2. *The Relevant Statutes*

Bank alleges that Philips violated §§ 227 (b)(1)(B) and 227(b)(1)(A)(iii) of the TCPA and NYGBL § 399-p(3)(a). *See* Compl. ¶¶ 11-13, 15-16. Section 227(b)(1)(B) makes it unlawful for any person:

> to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission . . . .

47 U.S.C. § 227(b)(1)(B). Section 227(b)(1)(A)(iii) makes it unlawful for any person:

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii). NYGBL § 399-p(3)(a) provides, in part, that:

> Whenever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: (a) state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law . . . .

N.Y. Gen. Bus. Law § 399-p(3)(a).

3. *The Sufficiency of the Allegations Against Philips*

Philips argues that Bank fails to state a claim under the TCPA because there is no basis to believe that Philips was responsible for the two calls alleged in the complaint. The complaint alleges that Philips "engaged authorized dealers to promote the sale of Philips Lifeline Systems" and "Plaintiff's Robocalls were made by, or on behalf of, or with the authorization of, an authorized dealer of Philips." Compl. ¶¶ 18, 24. Philips argues these allegations are

insufficient because they lump Philips in with unknown "authorized dealers" in the same manner as in *McCabe v. Caribbean Cruise Line, Inc.*, another case brought by Bank making very similar allegations under the TCPA. *See* No. 13-cv-6131 (JG), 2014 WL 3014874, at *2 (E.D.N.Y. July 3, 2014).

In *McCabe*, I found that the allegation that one of the defendants, Vacation Cruise Marketers, "engaged in the unlawful conduct alleged in the complaint 'with the authorization of, and in concert with'" other defendants by making the calls themselves or having others make the calls on their behalf was insufficient to state a claim against Vacation Cruise Marketers. *See id.* at *2 (quoting the amended complaint). In contrast, I said that the more specific allegations the plaintiff made against another defendant, Caribbean Cruise Line—that "the Free Cruise Robocalls are made pursuant to contracts to which Caribbean Cruise Line is a party"—was sufficient to plausibly plead a claim against Caribbean Cruise Line. *Id.* at *3 (quoting the amended complaint).

This complaint does not allege that the authorized dealers made the calls pursuant to a contract with Philips, but rather that the calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of Philips." Compl. ¶ 24. These allegations are insufficient for the same reasons stated as in *McCabe*; they are too conclusory to state a plausible claim against Philips. *See McCabe*, 2014 WL, at *3.

Philips also argues that Bank fails to plead an agency relationship or vicarious liability between the unknown "authorized dealers" and Philips. I agree. In *McCabe*, I recognized that "traditional principles of vicarious liability apply to actions brought under the TCPA because any other interpretation would allow companies 'to evade TCPA liability' simply by 'creative contracting.'" *Id.* at *3 (E.D.N.Y. July 3, 2014) (citing *Bank v. Caribbean Cruise*

4

*Line, Inc. ("Bank I")*, No. 12-cv-584 (JG) (VMS), at 23, ECF No. 49 (E.D.N.Y. August 26, 2013), *report and recommendation adopted* Sept. 30, 2013.[1] Another more recent decision in this district found that a plaintiff must allege an agency relationship between a marketing company and the defendant in a TCPA action. *See Jackson v. Caribbean Cruise Line*, Inc., No. 14-cv-2485 (ADS) (AKT), 2015 WL 667862, at *7-8 (E.D.N.Y. Feb. 17, 2015) (dismissing the plaintiff's complaint because of the failure to allege that the defendant "had the power to give interim instructions" to the marketing company responsible for the calls or had any "direction" or "control" over the marketing company).

Here, there are no allegations of fact that establish an agency relationship between Philips and the authorized dealers or any control by Philips over the dealers. For these reasons, and for the reasons mentioned in *McCabe*, Bank's claims under the TCPA are dismissed. Because I grant Philips's motion to dismiss on the ground that Bank fails to allege that Philips was responsible for the calls, I need not consider the additional grounds for dismissal of the TCPA claims that are advanced in Philips's papers.

B.     *The NYGBL Claim*

Because I grant Philips's motion to dismiss Bank's TCPA claims, I decline to exercise supplemental jurisdiction over the alleged violation of NYGBL § 399-p. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction" over related state law claims if the court "has dismissed all claims over which it has original jurisdiction"); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

---

[1] In *McCabe*, Bank was counsel for the plaintiff. In *Bank I*, Bank was the *pro se* plaintiff.

5

## CONCLUSION

For the reasons stated above, Philips's motion to dismiss for failure to state a claim is granted. Philips's motion for sanctions is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: April 14, 2015
      Brooklyn, New York