UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION

TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,

                                            Plaintiff,

- versus -

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,

                                            Defendant.

MEMORANDUM AND ORDER  
14-CV-5312 (JG)(VMS)

A P P E A R A N C E S:

    TODD C. BANK  
        119-40 Union Turnpike  
        4th Floor  
        Kew Gardens, New York 11415  
    By:    *Plaintiff Pro Se*

    AHMUTY, DEMERS & McMANUS, ESQS.  
        199 Water Street, 16th Floor  
        New York, New York 10038  
    By:    Deborah Del Sordo, Esq.  
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        On September 8, 2014, Todd Bank brought this *pro se* action individually and on behalf of a putative class against defendant Philips Electronics North America Corporation ("Philips"). He alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (the "TCPA") and New York General Business Law ("NYGBL") § 399-p. Bank alleges that in both June and August of 2014, he received a call to his residential telephone number that consisted of a prerecorded message telling the recipient that he or she "had been selected to receive a medical-alert system and $3,000 in grocery-store coupons." Compl., ECF No. 1, ¶¶ 19-

24. Bank claimed that Philips was responsible for the calls because the medical-alert system referred to in the calls was the Philips Lifeline System, and the calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of Philips." *Id*. ¶¶ 23-24.

On April 14, 2015, I granted Philips's motion to dismiss because Bank failed to plead a vicarious liability relationship between the unknown "authorized dealers" and Philips. *See Bank v. Philips Electronics N. Am. Corp.*, No. 14-CV-5312 (JG)(VMS), 2015 WL 1650926, at *2-3 (E.D.N.Y. Apr. 14, 2015) (the "Order"). Bank has now moved pursuant to Federal Rule of Civil Procedure 59(e) to amend the Order to allow leave to replead. Philips opposes the motion. For the reasons stated below, Bank's motion is denied.

DISCUSSION

A. *The Standard of Review*

Bank files his motion "pursuant to Rule 59(e) of the Federal Rules of Civil Procedure" and seeks either an amended Order allowing leave to replead, or, in the alternative, a ruling that the dismissal is without prejudice. Bank Decl., ECF No. 27, Apr. 16, 2015, ¶ 2. Philips contends that since no judgment has been formally entered in this action, Bank's motion should be presumed a "motion for reconsideration and reargument" under Rule 60(b). Del Sordo Aff., ECF No. 29, May 6, 2015, at ¶ 2. Philips is correct that no formal judgment was entered following my dismissal of Bank's complaint on April 14, 2015, two days before Bank filed his motion to alter the judgment. Bank should have waited until the clerk entered judgment before bringing this motion. However, I find that any error on Bank's part was inconsequential, and I will consider Bank's motion under Rule 59(e). *See Foman v. Davis*, 371 U.S. 178, 181 (1962)

("It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").[1]

Generally, under Rule 59, "district courts will only amend or alter a judgment . . . to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010) (internal quotations omitted). But in assessing a post-judgment motion to replead under Rule 59(e), a court must also be mindful of Rule 15, which provides that a party should be "freely give[n] leave" to amend a complaint "when justice so requires." *See Williams v. Citigroup, Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (citing Fed. R. Civ. P. 15(a)(2)). This means that when "a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *See id.* at 212-13; *see also State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly.").

Additionally, before I consider the merits of Bank's Rule 15 application, I must decide whether there was an error of law or some other reason to amend the judgment. *See Williams*, 659 F.3d at 213 ("As a procedural matter, a party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b).") (internal quotations and alterations omitted).

B.      *Bank's Argument Concerning an Error of Law*

In support of his motion, Bank argues that, in granting Philips's dismissal pursuant to Federal Rule 12(b)(6), this Court "applied a standard that it had not previously

---

[1] Philips also contends that Banks's motion cannot be considered because "[n]o proposed pleading is attached to the papers." Def. Opp. at 3. However, Philips cites no support for the contention that Rule 59 requires that a proposed pleading be attached to Bank's papers, and I have found none.

3

applied" in evaluating the sufficiency of Bank's pleadings with respect to the relationship between Philips and the alleged caller(s). *See* Bank Decl., ECF No. 27, Apr. 16, 2015, ¶ 4. Specifically, Bank contends that this Court unduly shifted its assessment of his claim against Philips from one grounded in vicarious liability to one grounded in the law of agency. *Id.*

The standard by which I decided to dismiss Bank's complaint was the same as that in *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131 (JG), 2014 WL 3014874 (E.D.N.Y. July 3, 2014). In *McCabe*, I held that the allegations that the defendant Vacation Marketers had engaged in unlawful conduct "with the authorization of, and in concert with, the Cruise Operators" and that the Vacation Marketers "or those operating on their behalf" had made the illegal robocalls, were "insufficient to state a plausible claim" because of their overtly conclusory nature. *McCabe*, 2014 WL 3014874, at *2 (internal quotations omitted). I went on to hold that the more substantive allegation of a contractual relationship between the parties was, in conjunction with "the more general allegations contained in the complaint," sufficient to plausibly plead a claim. *Id.* at *3. This analysis, as is noted throughout the *McCabe* opinion, is one grounded in the general tort principles of vicarious liability. *Id.* at *3-4.

Bank's complaint here is functionally indistinguishable from the complaint in *McCabe*. He argues that the robocalls were "made by, or on behalf of, or with the authorization of, an authorized dealer of Philips." Compl. ¶ 24. In *McCabe*, the plaintiff alleged unlawful conduct "with the authorization of, and in concert with" the defendants. 2014 WL 3014874, at *2. While both allegations served as statements of the basic principle of vicarious liability, neither was sufficient to plead it because of their conclusory character.

My decision dismissing the case against *Philips* was essentially identical to that in *McCabe* – absent some plausible, substantive claim of vicarious liability (such as a contractual

relationship), these conclusory allegations did not plead a relationship between the third-party defendants and the marketing companies sufficient to survive a motion to dismiss. In dismissing Bank's claim against Philips, I made this clear when I said that his allegations were "insufficient for the same reasons stated as in *McCabe*; they are too conclusory to state a plausible claim against Philips." *Philips*, 2015 WL 1650926, at *2 (citing *McCabe*, 2014 WL 3014874, at *3). Bank was well aware of the standard I would apply, because he served as counsel for the plaintiff in *McCabe* and the decision dismissing the complaint was filed in July 2014, two months before Bank filed the complaint in this action. *See Philips*, 2015 WL 1650926, at *3, n.1

        Bank has misinterpreted the section of the Order he excerpts in support of his motion. In the Order, I touched upon the matter of principal-agency relationships only because a recent decision in this district, *Jackson v. Caribbean Cruise Line, Inc.*, found that a plaintiff must allege an agency relationship between the defendant and the third-party caller in order for liability to attach in a TCPA action. *See* No. 14-CV-2485 (ADS)(AKT), 2015 WL 667862, at *7-8 (E.D.N.Y. Feb. 17, 2015). Bank is correct in intuiting that there is a material difference between the standard applied in *McCabe* and the standard applied in *Jackson*. *See* Bank Decl. ¶ 4. And while I did not expressly adopt or endorse *Jackson*, I analyzed Bank's complaint under the lens of agency merely to note that Bank's complaint was deficient by either measure – the agency standard in *Jackson* and the vicarious liability standard in *McCabe*.[2]

---

[2] *Jackson* applies an agency analysis, which is more demanding than the vicarious liability standard applied in *McCabe*. This is evidenced by the fact that the allegation of a contractual relationship, which was sufficient under the vicarious liability lens of *McCabe*, is held to be insufficient under the agency law standard of *Jackson*. *Jackson*, 2015 WL 667862, at *7; *McCabe*, 2014 WL 3014874, at *3-4. *Jackson* holds that a new element must be alleged in the complaint in order to hold the defendant liable – "control [by the defendant] over the conduct and activities of the agent." *Jackson*, 2015 WL 667862, at *7 (internal quotations omitted). In other words, *Jackson* holds that plaintiffs seeking to hold defendants liable when a third party makes the calls in violation of the TCPA may no longer merely allege contractual relationships as evidence that a marketing company was acting "with the authorization of, or in concert with" a defendant, and therefore the defendant can be held vicariously liable; instead, a plaintiff must allege that the defendant had the power to "control" (through, for example, "interim

C.	*The Motion to Amend the Judgment*

As explained above, the standard applicable to a motion pursuant to Rule 59 is demanding, as "[r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2009) (internal quotations omitted). Such motions will not be granted unless the moving party can demonstrate that the court "overlooked matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Bank is mistaken in his assertion that the Court applied an improper legal standard. As explained above, regardless of which standard is applied to Bank's complaint, the result remains the same. *See* Bank Decl. ¶ 4. Accordingly, as there has been no "clear error of law" in the assessment of Bank's complaint, there is no "injustice" to be "prevent[ed]." *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

Because I must also be mindful of Rule 15, *see Williams*, 659 F.3d at 212-13, I will also consider whether the policy in favor of finality of judgments is outweighed in this case by my obligation to grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Under Rule 15, an amendment should be allowed, "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant." *State Trading Corp. of India*, 921 F.2d at 418 (quoting *Foman*, 371 U.S. at 182 (1962)). As Bank

---

instructions" or "direct[ion]") the marketing company, and thus that the two parties were engaged in an agency-principal relationship. *See McCabe*, 2014 WL 3014874, at *2; *Jackson*, 2015 WL 667862, at *7-8.

Thus, Bank correctly notes that, had I adopted the *Jackson* agency standard, he would have needed to allege an agency-principal relationship between the defendants and the marketing company, as opposed to simply facts sufficient to satisfy the standard of vicarious liability. *See* Bank Decl. ¶ 4. But I did not adopt the *Jackson* agency standard. The vicarious liability standard I applied in the instant case is a less demanding of plaintiffs, and Bank's complaint is insufficient even under this less demanding standard.

6

could have amended his complaint early, but instead has waited until after judgment was entered, I may exercise my discretion "more exactingly." *State Trading Corp. of India*, 921 F.2d at 418.

In this case, Bank had every opportunity to add more detail to his complaint. As explained above, he was well aware of the standard I would apply to any motion to dismiss, and there was no reason for him to fail to allege additional facts in his complaint before Philips's motion to dismiss was argued and decided. Accordingly, as there has been no clear error of law and no reason why Bank could not have amended his complaint before its dismissal, the policy of finality of judgments in this case outweighs the liberal application of Rule 15.

## CONCLUSION

For the reasons stated above, Philips's motion to amend the judgment is denied.


So ordered.


John Gleeson, U.S.D.J.


Dated: August 4, 2015
      Brooklyn, New York